UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
──────────────────────────────── X
SAMUEL SERO AND BARBARA SPELL,

           Plaintiff,

v.

TRICAM INDUSTRIES, INC; HOME DEPOT USA. INC.; JOHN DOE #1-10 (fictitious names of individuals, sole proprietors, partnerships, corporations, and/or any other entities that designed, manufactured, marketed, supplied and/or distributed the Gorilla Ladder); and JOHN DOE #11-20 (fictitious names of individuals, sole proprietorships, partnerships, corporations, contractors, repaired, inspected, maintained, or serviced the Gorilla Ladder or its component parts; j/s/a,

           Defendant(s).
──────────────────────────────── X

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY:**

    **PLEASE TAKE NOTICE** that Defendants TRICAM INDUSTRIES, INC. ("Tricam") and HOME DEPOT U.S.A., INC. ("Home Depot) hereby submit this Petition for Removal, with full reservation of all defenses, from the Superior Court of New Jersey, Cape May County to the United States District Court, District of New Jersey in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

1. This action was commenced against Tricam and Home Depot in the Superior Court of New Jersey, Cape May County, with the Docket Number CPM-L-128-22, filed with the Court on April 14, 2022.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A"**.

3. In his Complaint, Plaintiffs allege personal injury due to Defendants' negligence from an incident which occurred on June 6, 2020, at the Plaintiffs' Strathmere, New Jersey, home. **Exhibit "A".**

4. Tricam and Home Depot were served on April 28, 2022, and the Affidavits of Service were filed with the Court on May 6, 2022. **Exhibit "B".**

## DIVERSITY JURISDICTION IS PROPER

5. No further proceedings have been had in the Superior Court of New Jersey, Cape May County, as of the date of the filing of this Petition for Removal.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges as a matter of controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendants, TRICAM and HOME DEPOT.

## DIVERSITY EXISTS

7. This firm represents Defendants Tricam Industries, Inc. and Home Depot U.S.A., Inc.

8. Defendants seek removal of this action pursuant to 28 U.S.C. §1446, which permits removal of causes of action based upon diversity of citizenship of the parties.

9. The Plaintiffs, in the Complaint, allege to be a citizens of the State of Pennsylvania, residing at 3352 Perrysville Avenue, Pittsburgh, Pennsylvania.

10. At the time that this was filed, Defendant TRICAM INDUSTRIES, INC., was and still is a corporation organized and existing under the laws of the State of Minnesota and having its principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

11. At the time that this was filed, Defendant HOME DEPOT U.S.A., INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

12. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, TRICAM INDUSTRIES, INC. and HOME DEPOT U.S.A., INC. are not citizens of the State of PENNSYLVANIA.

13. The "John and Jane Does 1-10" and "ABC Corporations A-Z" defendants do not affect diversity under 28 U.S.C. §1441, which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. § 1332(a)], *the citizenship of defendants sued under fictitious names shall be disregarded.*" 28 U.S.C. §1441(b)(1) (Emphasis added). "[T]here is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C.§1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall be disregarded.'" *Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002); *see also Gilbert v. Stepan Co.*, 24 F.Supp.2d 325, 330 (D.N.J. 1998).

14. There is complete diversity of citizenship between the parties to this action.

15. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

16. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and cost. Plaintiffs alleges in the Verified Complaint that, "[He] sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require

future medical treatment, physical emotional pain and suffering, disability, and loss of enjoyment of life." (**Exhibit "A" ¶ 28).**

17. Further in each Wherefore clause following each count of the Complaint, Plaintiffs demands judgement against Defendants for compensatory and punitive damages, interest, attorneys' fees, and cost of suit.

18. On May 6, 2022, Plaintiff's counsel confirmed by email that the value of the claim exceeds $75,000.00. **Exhibit "C".**

19. Plaintiff's counsel also provided Defendants with the Equian Itemized Lien letter which included total billed charges in the amount of $102,158.88. In the interest of protecting the Plaintiff's privacy and as to not violate any HIPAA policies, Defendants are not attaching the Equian lien as an exhibit. However, should the court wish to review the lien letter, we will provide it to the Court without delay.

20. Further, Defendants note that medical records and correspondence from Plaintiffs' counsel indicate that, among other injuries, Mr. Sero sustained a fractured shoulder and fractures of the wrist, which resulted in surgical intervention. Again, in the interest of protecting the Plaintiff's privacy and as to not violate HIPAA, Defendants are not attaching medical records or correspondence from Plaintiff's counsel. However, should the Court wish to review any records, we can provide it to the Court without delay, on consent of Plaintiff.

21. Defendants upon learning of the value of this action can remove within 30 days.

22. Defendants submit that the (1) allegations in the Complaint, (2) written confirmation that the value exceeds $75,0000 from Plaintiff's counsel, (3) The Equian Lien Letter, and (4) the indication of allegedly causally related fractures and surgeries, prove that it appears to a reasonable probability that the claim is in excess of $75,000.

23. Defendants reserve its right to contest the nature and extent of liability of plaintiffs' damages. Nevertheless, if liability is ever established, the allegation that Plaintiffs sustained severe and permanent personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

24. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

25. Defendants were served on April 28, 2022 and received written confirmation that the claimed value reasonably exceeds $75,000 on May 6, 2022. The Petition is filed within 30 days of service and within one year of the filing of the initial pleading.

## NOTICE

26. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of New Jersey, Cape May County.

## VENUE IS PROPER

27. The United States District Court for the District of New Jersey includes the county in which the state court action was pending (Cape May) and thus, pursuant to 28 U.S.C. §1224(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

28. Defendants reserve all defenses, including, without limitation, the defenses of lack of personal jurisdiction.

29. Defendants reserve the right to amend or supplement this Petition for Removal.

30. If any question arises as to the propriety of the removal of this action, Defendants

respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

**WHEREFORE**, all parties to the Civil Action pending in the Superior Court of New Jersey, Cape May County, Docket No. CPM-L-128-22 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, District of New Jersey. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendants HOME DEPOT U.S.A., INC. and TRICAM INDUSTRIES, INC., pray that this cause of action now pending in the Superior Court of New Jersey, Cape May County, be removed to the United States District Court, District of New Jersey.

Dated: May 13, 2022

                          MCVEY & PARSKY, LLC

                By:    *Michael Giacopelli*
                          _____
                          Michael N. Giacopelli
                          *Attorney for Defendants*
                          *TRICAM INDUSTRIES, INC.*
                          *HOME DEPOT U.S.A., INC.*
                          466 Southern Boulevard
                          Washington Building, 1st Floor
                          Chatham, NJ 07928
                          973-520-4340

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she caused the ***PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY and RULE 7.1 DISCLOSURE*** to be served on May 13, 2022 via CM/ECF upon the attorneys of record for all parties.

                MCVEY & PARSKY, LLC

By:    *Michael Giacopelli*

Michael N. Giacopelli
*Attorney for Defendants*
*TRICAM INDUSTRIES, INC.*
*HOME DEPOT U.S.A., INC.*
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ 07928
973-520-4340