

## GRUNGO | COLARULO
—— PRAY FOR PEACE, PREPARE FOR TRIAL ——
G C I N J U R Y L A W . C O M

RICHARD GRUNGO, JR., ESQ.
Member of NJ & PA Bar
rgrungo@gcinjurylaw.com

WILLIAM A. COLARULO, JR., ESQ.
Member of NJ & PA Bar
wcolarulo@gcinjurylaw.com

MICHAEL P. ALOI, ESQ.
Member of NJ & PA Bar
maloi@gcinjurylaw.com

1926 Greentree Road
Suite 110
Cherry Hill, NJ 08003
Phone: (856) 528-4494

1943 South 11th Street
Suite 100
Philadelphia, PA 19148
Phone: (215) 710-8655

CATHERINE J. MESIANO, ESQ.
Member of NJ & FL Bar
cmesiano@gcinjurylaw.com

CHRISTINE V. LAFFERTY, ESQ.
Member of NJ & PA Bar
clafferty@gcinjurylaw.com

ERICA DOMINGO, ESQ.
Member of NJ & PA Bar
edomingo@gcinjurylaw.com

Fax: (856) 282-1417
*Please reply to Cherry Hill Office

April 18, 2022

**_VIA STATUS_**
Tricam Industries, Inc.
7677 Equitable Drive
Eden Prairie, MN 55344

     **RE:**    **Samuel J. Sero v. Tricam Industries, Inc., et al.**
          **Docket No.:**  **CPM-L-128-22**

Dear Sir/Madam:

     Enclosed please find a Summons and Complaint, which is being served upon you in regard to the above matter. Please forward these documents to your insurance carrier immediately so that an Answer may be properly filed on your behalf.

     Thank you for your attention to this matter.

                        Very truly yours,
                        GRUNGO COLARULO

                  By: _Erica Domingo_
                    ERICA DOMINGO, ESQ.

ED/dmj
Enc.

---

BURLINGTON COUNTY
135 Jackson Road, Suite 300
Medford, NJ 08055

✦Certified By The Supreme Court of New Jersey as a Civil Trial Attorney

MERCER COUNTY
3716 Nottingham Way, Suite 300
Hamilton Square, NJ 08690



GRUNGO ✝ COLARULO
— PRAY FOR PEACE, PREPARE FOR TRIAL —
1926 Greentree Road, Suite 110
Cherry Hill, NJ 08003
(P): 856.528.4494
(F): 856.282.1417
Attorneys for Plaintiffs
Erica Domingo, Esquire (011202009)
edomingo@gcinjurylaw.com

| | |
|---|---|
| SAMUEL J. SERO and BARBARA SPELL, h/w,<br><br>               Plaintiffs,<br><br>v.<br><br>TRICAM INDUSTRIES, INC.; HOME DEPOT U.S.A., INC.; JOHN DOE #1-10 (fictitious names of individuals, sole proprietors, partnerships, corporations, and/or any other entities that designed, manufactured, marketed, supplied and/or distributed the Gorilla Ladder); and JOHN DOE #11-20 (fictitious names of individuals, sole proprietorships, partnerships, corporations, contractors, and/or any other entities that distributed, configured, repaired, inspected, maintained, or serviced the Gorilla Ladder or its component parts); j/s/a,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br><br>DOCKET NO.  CPM-L-128-22<br><br>       Civil Action<br><br>      **SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written Answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or motion when it is filed. You must also send a copy of your Answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: 04/18/2021                    /s/ *Michelle M. Smith*
                                     Michelle M. Smith
                                     Superior Court Clerk


Name of Defendant To Be Served:   Tricam Industries, Inc.

Address of Defendant To Be Served: 7677 Equitable Drive, Eden Prairie, MN 55344



**GRUNGO ✝ COLARULO**
—— PRAY FOR PEACE. PREPARE FOR TRIAL™ ——

Erica Domingo, Esquire - New Jersey Attorney I.D. No.: 011202009
1926 Greentree Road, Suite 110
Cherry Hill, New Jersey 08003
Phone: (856) 528-4494
Attorneys for Plaintiffs

| | |
|---|---|
| SAMUEL J. SERO and BARBARA SPELL, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> TRICAM INDUSTRIES, INC.; HOME DEPOT U.S.A., INC.; JOHN DOE #1-10 (fictitious names of individuals, sole proprietors, partnerships, corporations, and/or any other entities that designed, manufactured, marketed, supplied and/or distributed the Gorilla Ladder); and JOHN DOE #11-20 (fictitious names of individuals, sole proprietorships, partnerships, corporations, contractors, and/or any other entities that distributed, configured, repaired, inspected, maintained, or serviced the Gorilla Ladder or its component parts); j/s/a, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAPE MAY COUNTY <br><br> Docket No. <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND; DEMAND FOR FORM C and C4 INTERROGATORIES; DEMAND FOR SUPPLMENTAL INTERROGATORIES; REQUEST FOR PRODUCTION OF DOCUMENTS; DEMAND FOR COPIES OF ALL SUBPOENAED DOCUMENTS; STATEMENT OF DAMAGES; DESIGNATION OF TRIAL ATTORNEY; DEMAND FOR TRIAL BY JURY** |

The plaintiffs, SAMUEL J. SERO and BARBARA SPELL, husband and wife, residing at

3352 Perrysville Avenue, Pittsburgh, Pennsylvania, say:

<u>**COUNT ONE – PRODUCT LIABILITY**</u>

**SAMUEL SERO v. TRICAM INDUSTRIES, INC.**

1.    Plaintiff, SAMUEL J. SERO and BARBARA SPELL reside in Pennsylvania.

2.    Defendant TRICAM INDUSTRIES, INC. is a Minnesota company with its principal

place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

3.  At all times relevant hereto, defendant TRICAM INDUSTRIES, INC. did business in Cape May County, New Jersey.

4.  Defendant TRICAM INDUSTRIES, INC. at all times relevant hereto designed, manufactured, marketed, supplied, and/or distributed the Gorilla Ladder, Model MPX26 – a 26 Foot Reach Aluminum Multi-Position Ladder with 375 lb. Load Capacity, Type 1aa Duty Rating – and its component parts (hereinafter "the Product" or "Gorilla Ladder") to SAMUEL J. SERO and the general public.

5.  Defendant TRICAM INDUSTRIES, INC. knew of the intended use of its product.

6.  At the time the Product left the control of Defendant TRICAM INDUSTRIES, INC., it was unfit, unsafe, and unsuitable for its intended and foreseeable uses.

7.  SAMUEL J. SERO received the Gorilla Ladder on November 19, 2019 when it was delivered to him by an authorized dealer, HOME DEPOT U.S.A., INC.

8.  On June 6, 2020, the Product, while still in its original condition, was applied to an intended and foreseeable use by SAMUEL J. SERO on property owned and occupied by him in Strathmere, New Jersey.

9.  While ascending the ladder, the side frame sheared, causing the ladder to collapse and eject Mr. Sero, throwing him to the ground, resulting in serious injuries.

10. The Product designed, manufactured, marketed, supplied and/or distributed, by Defendant TRICAM INDUSTRIES, INC. was defective for the following reasons:

a)  The Product was inadequately designed, manufactured, assembled, packaged, repaired, refurbished, reconditioned, marketed, sold or otherwise placed in the stream of commerce;

b)  The Product that was placed in the stream of commerce was unfit, unsafe, and unsuitable for all foreseeable users;

c)  The Product was negligently manufactured using improper materials;

2

d)     The Product contained inadequate warnings; and

e)     The Product had a negligently defective design.

11.    As a proximate result of Defendant's defective Product, SAMUEL J. SERO sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require future medical treatment, physical and emotional pain and suffering, disability, and loss of enjoyment of life.

12.    The acts and/or omissions of defendant which caused injury to SAMUEL J. SERO were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendants wantonly and willfully disregarded the safety of the public with reckless disregard of that risk.

**WHEREFORE,** the plaintiff, SAMUEL J. SERO, demands judgment against defendant TRICAM INDUSTRIES, INC. for compensatory and punitive damages, interest, attorneys' fees, and costs of suit.

<u>**COUNT TWO – PRODUCT LIABILITY**</u>

**SAMUEL J. SERO v. HOME DEPOT U.S.A., INC.**

13.    Plaintiff, SAMUEL J. SERO and BARBARA SPELL repeat all previous counts of the Complaint as if fully set forth herein.

14.    Defendant HOME DEPOT U.S.A., INC. (hereinafter "Home Depot") is a Delaware limited liability company with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia, 30339.

15.    At all times relevant hereto, defendant HOME DEPOT U.S.A., INC. did business in Cape May County, New Jersey.

16.    Defendant Home Depot at all times relevant hereto supplied, and/or distributed the

3

Gorilla Ladder to the general public and specifically to SAMUEL J. SERO on November 19, 2019.

17.      Defendant Home Depot knew of the intended use of its product.

18.      At the time the Product left the control of Defendant Home Depot it was unfit, unsafe, and unsuitable for its intended and foreseeable uses.

19.      On June 6, 2020, the Product, while still in its original condition, was applied to an intended and foreseeable use by Mr. Sero on his property.

20.      While ascending the ladder, the side frame sheared, causing the ladder to collapse and eject Mr. Sero, throwing him to the ground, resulting in serious injuries.

21.      The Product supplied and/or distributed by Defendant Home Depot was defective for the following reasons:

   a)      The Product was inadequately designed, manufactured, assembled, packaged, repaired, refurbished, reconditioned, marketed, sold or otherwise placed in the stream of commerce;

   b)      The Product that was placed in the stream of commerce was unfit, unsafe, and unsuitable for all foreseeable users;

   c)      The Product was negligently manufactured using improper materials;

   d)      The Product contained inadequate warnings; and

   e)      The Product had a negligently defective design.

22.      As a proximate result of Defendant's defective Product, SAMUEL J. SERO sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require future medical treatment, physical and emotional pain and suffering, disability, and loss of enjoyment of life.

23.      The acts and/or omissions of Defendant which caused injury to SAMUEL J. SERO were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendants wantonly and willfully disregarded

4

the safety of the public with reckless disregard of that risk.

**WHEREFORE,** the plaintiff, SAMUEL J. SERO, demands judgment against defendant HOME DEPOT U.S.A., INC. for compensatory and punitive damages, interest, attorneys' fees, and costs of suit.

## COUNT THREE – NEGLIGENCE

### SAMUEL J. SERO v. HOME DEPOT U.S.A., INC.

24. SAMUEL J. SERO repeats all of the allegations of all of the preceding counts of this Complaint.

25. Defendant Home Depot at all times relevant hereto supplied and/or distributed the Gorilla Ladder to plaintiff SAMUEL J. SERO and the general public.

26. Defendant Home Depot had a duty to properly supply, distribute, configure, instruct, warn, service and/or modify the original product so that it was safe and suitable for its intended purpose.

27. Defendant Home Depot breached its duty of care to SAMUEL J. SERO and all foreseeable users of the product because they negligently supplied, distributed, configured, instructed, warned, serviced and/or modified the product.

28. As a proximate result of Defendant's negligence, SAMUEL J. SERO sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require future medical treatment, physical and emotional pain, and suffering, and will be permanently disabled from his ordinary life activities.

29. The acts and/or omissions of Defendant which caused injury to SAMUEL J. SERO were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendants wantonly and willfully disregarded

the safety of the public with reckless disregard of that risk.

     **WHEREFORE,** the plaintiff, SAMUEL J. SERO, demands judgment against defendant HOME DEPOT U.S.A., INC., for compensatory and punitive damages, interest, attorneys' fees, and costs of suit.

## COUNT FOUR – PRODUCT LIABILITY

**SAMUEL J. SERO v. JOHN DOE #1-10 (fictitious names of individuals, sole proprietors, partnerships, corporations, and/or any other entities that designed, manufactured, supplied, and/or distributed the Gorilla Ladder)**

     30.     SAMUEL J. SERO repeats all of the allegations of all of the preceding counts of this Complaint.

     31.     Defendant John Doe #1-10 was at all times hereto a company that transacted business in Cape May County, New Jersey.

     32.     Defendant John Doe #1-10 at all times relevant hereto designed, manufactured, marketed, supplied, and/or distributed the Gorilla Ladder (hereinafter "the Product") to SAMUEL J. SERO and the general public.

     33.     Defendant John Doe #1-10 knew of the intended use of its product.

     34.     At the time the Product left the control of Defendant John Doe #1-10, it was unfit, unsafe, and unsuitable for its intended and foreseeable uses.

     35.     On June 6, 2020, the Product, while still in its original condition, was applied to an intended and foreseeable use by Mr. Sero on his property.

     36.     While ascending the ladder, the side frame sheared, causing the ladder to collapse and eject Mr. Sero, throwing him to the ground, resulting in serious injuries.

     37.     The Product designed, manufactured, marketed, supplied and/or distributed, by Defendant John Doe #1-10 was defective for the following reasons:

6

a)    The Product was inadequately designed, manufactured, assembled, packaged, repaired, refurbished, reconditioned, marketed, sold or otherwise placed in the stream of commerce;

b)    The Product that was placed in the stream of commerce was unfit, unsafe, and unsuitable for all foreseeable users;

c)    The Product was negligently manufactured using improper materials;

d)    The Product contained inadequate warnings; and

e)    The Product had a negligently defective design.

38.    As a proximate result of Defendant's defective Product, SAMUEL J. SERO sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require future medical treatment, physical and emotional pain and suffering, disability, and loss of enjoyment of life.

39.    The acts and/or omissions of Defendant which caused injury to SAMUEL J. SERO were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendants wantonly and willfully disregarded the safety of the public with reckless disregard of that risk.

**WHEREFORE,** the plaintiff, SAMUEL J. SERO, demands judgment against Defendant, John Doe #1-10 (fictitious names of individuals, sole proprietors, partnerships, corporations, and/or any other entities that designed, manufactured, marketed, supplied, and/or distributed the Gorilla Ladder), for compensatory and punitive damages, interest, attorneys' fees, and costs of suit.

## COUNT FIVE - NEGLIGENCE

**SAMUEL J. SERO v. JOHN DOE #11-20 (fictitious names of individuals, sole proprietorships, partnerships, corporations, contractors, and/or any other entities that distributed, configured, repaired, inspected, maintained, or serviced the Gorilla Ladder or its component parts)**

7

40.     SAMUEL J. SERO repeats all of the allegations of all of the preceding counts of this Complaint.

41.     Defendant John Doe #11-20 was at all times hereto a company that transacted business in Cape May, New Jersey.

42.     Defendant John Doe #11-20 had a duty to properly supply, distribute, configure, instruct, warn, service and/or modify the original product so that it was safe and suitable for its intended purpose.

43.     Defendant John Doe #11-20 breached its duty of care to SAMUEL J. SERO and all foreseeable users of the product because they negligently supplied, distributed, configured, instructed, warned, serviced and/or modified the product.

44.     As a proximate result of Defendant's negligence, SAMUEL J. SERO sustained severe and permanent injuries to his right wrist and shoulder, among other injuries, and will require future medical treatment, physical and emotional pain and suffering, and will be permanently disabled from his ordinary life activities.

45.     The acts and/or omissions of Defendant which caused injury to SAMUEL J. SERO were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendants wantonly and willfully disregarded the safety of the public with reckless disregard of that risk.

**WHEREFORE,** the plaintiff, SAMUEL J. SERO, demands judgment against Defendant, John Doe #11-20 (fictitious names of individuals, sole proprietorships, partnerships, corporations, and/or any other entities that repaired, inspected, maintained, or serviced the Gorilla Ladder or its component parts), for compensatory and punitive damages, interest, attorneys' fees, and costs of suit.

## COUNT SIX – LOSS OF CONSORTIUM

### BARBARA SPELL v. TRICAM INDUSTRIES, INC.; HOME DEPOT U.S.A., INC.; JOHN DOE #1-10; AND JOHN DOE #11-20

46.     BARBARA SPELL repeats all of the allegations of all of the preceding courts of this Complaint.

47.     SAMUEL SERO and BARBARA SPELL are husband and wife.

48.     As a proximate cause of the negligence of defendants, TRICAM INDUSTRIES, INC..; HOME DEPOT U.S.A., INC.; John Doe #1-10; and John Doe #12-20, BARBARA SPELL has been, and in the future will be, deprived of the services and society of her spouse.

**WHEREFORE** the plaintiff, BARBARA SPELL, demands judgment against Defendants TRICAM INDUSTRIES, INC.; HOME DEPOT U.S.A., INC.; John Doe #1-10; and John Doe #12-20, for compensatory damages, interest, attorneys' fees, and costs of suit.

### DISCOVERY DEMAND – INTERROGATORIES (E-DISCOVERY PREFERRED)

Plaintiff hereby demands that each defendant answer Uniform Form C Interrogatories, Form C(4) Interrogatories, and the 10 Supplemental Interrogatories below within the time proscribed by the Rules. In lieu of mailing hard copies, plaintiffs' counsel will accept electronic transmission of all answers to interrogatories that are sent to edomingo@gcinjurylaw.com.

### DEFINITIONS

The following definitions shall apply in answering Form C, C(4), Supplemental Interrogatories, and Requests for Production of Documents:

A.     "Address" means the present or last known street name and number, city or town, state and zip code.

B.     "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description including, but not limited to, the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-office or intra-office communication, handwritten or other

9

note, e-mail, working paper, chart, paper, graph, index, tape, disc, datasheet or data processing card, or any other written, recorded, electronic, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which defendants have or have had access.

C.     "Identify," "identity," or "identification" means, when used in reference to:

     1.)    A natural person, his or her:

         (a)    full name;
         (b)    home address;
         (c)    business address;
         (d)    present or last known position, business affiliation, and job description.

     2.)    A company, corporation, association, partnership, or any legal entity other than a natural person:

         (a)    its full name;
         (b)    a description of the type of organization or entity;
         (c)    the address of its principal place of business;
         (d)    the jurisdiction of its incorporation or organization; and
         (e)    the date of its incorporation or organization.

     3.)    A document:

         (a)    its description (for example, letter, memorandum, report, etc.);
         (b)    its title;
         (c)    its date;
         (d)    the number of pages thereof;
         (e)    the subject matter;
         (f)    the identity of its author, signer, and any person who participated in its preparation;
         (g)    the identity of its addressee or recipient;
         (h)    the identity of each person to whom copies were sent and each person by whom copies were received;
         (i)    its present location; and
         (j)    the identity of its custodian.  (If any such document was, but is no longer, in the possession of or subject to the control of defendants, state what disposition was made of it and when.)

D.     The term "defendant," "the defendant," "you," or "your" as used herein shall mean the person or entity to whom these interrogatories are directed and/or its agents, servants, employees, or representatives.

E.     The term "occurrence" or "incident" or "accident" shall mean the acts, omissions or other circumstances that took place on June 6, 2020 at 9 East Whittier Road in Strathmere, New Jersey and which form the allegations against you in the Complaint.

F.     With reference to the "product" forming the subject matter of the Complaint herein, please be advised as follows:

    1.     Product description/Name: Gorilla 26 Foot Aluminum Multi-Position Ladder

    2.     Date of purchase: 11/18/2019

    3.     Place of purchase: Home Depot, Cape May, New Jersey

    4.     Model number: MPX26

    5.     Serial number: P-1843

## SUPPLEMENTAL INTERROGATORIES

S1.     Was any written report of the accident or any circumstances relating to the accident made by the defendant or to the defendant or any servant, agent or employee of the defendant and if so, set forth the substance of the report and attach a copy hereto.

S2.     Does the defendant have possession of any photographs, motion pictures, videotapes or surveillance reports of the plaintiff and, if so, identify the contents of each and attach a copy hereto.

S3.     If you, or any of your expert witnesses, are relying on or will rely on any authoritative article, magazine, publication or treatise of any kind for any purpose, including cross and direct examination of any witnesses, set forth the name, title, volume, publisher, page and year of publication, and, if possible, attach copy of same?

S4.     Please describe in complete detail and set forth below verbatim the language of any warning or precautionary signal actually attached or affixed to the "product", its packaging and/or in any written material that accompanied the product at the time same was sold or otherwise or anytime thereafter.  In addition to setting forth the precise language of any written warning or precautionary signal attached or affixed to the "product", please describe such warning or signal setting forth its purpose, its location on the "product" or "product's" package, its size and color as well as a complete description of any symbols used in the warning or signal.

S5.     State whether this Defendant(s) conducted an investigation, or assisted in any way in any investigation following Plaintiff's accident, and if so please state the name, address and position of any agent, servant and/or employee of this Defendant who conducted or assisted in conducting any investigation, if any such investigation involved persons, firms, corporations, governmental agencies or other entities not affiliated with this Defendant, set forth the name and address of any such person, firm corporation, governmental agency, or other entity, the date said investigation was conducted, the results of said investigation, annex hereto copies of any and all reports, memoranda, correspondence, or other documents relating to such investigation.

S6.     If this Defendant contends that at the time the product left the control of the manufacturer, whether or not this Defendant admits being the manufacturer, there was not a practical and technically feasible alternative design that would have prevented the harm alleged by Plaintiff in the Complaint without substantially impairing the reasonably anticipated or intended function of the product, set forth each and every fact known to this Defendant and/or its representative in support of such contention.

S7.     If this Defendant contends that any warning which Defendant contends is relevant to Plaintiff's accident was approved by any Federal or State agency or by any other manufacturing association, set forth each and every fact known to this Defendant in support of said contention.

S8.     What are the names of all employees and/or former employees that designed the Gorilla Ladder, model MPX26?

S9.     What is the name and address of the manufacturer of the component parts on the Gorilla Ladder, model MPX26?

S10.    What is the name of the Home Depot employee(s) who delivered the Gorilla Ladder to Samuel J. Sero on November 19, 2019?

## DISCOVERY DEMAND - DOCUMENTS (E-DOCUMENTS PREFERRED)

Plaintiff hereby demands that each defendant answer and produce the requested documents below pursuant to R. 4:18-2 and within the time proscribed by the Rules.  You may

supply any documents electronically by e-mailing them to plaintiffs' counsel at edomingo@gcinjurylaw.com. Plaintiff does not wish to inspect any documents and you are instructed to provide the actual documents.

1.   A complete set of plans, blueprints, diagrams, schematic drawings, and design drawings relating to the Gorilla Ladder and each of the component parts of the Product.

2.   True copies of the Owner's Manual, Operator's Manual, Service Manual, Maintenance Manual, Repair Manual, Parts Manual, and Warranty Booklets pertaining to the Product described in the Complaint.

3.   All documents relating to the design, manufacture, assembly, testing, or inspection of the Product.

4.   All correspondence and documents submitted to, or received from, any governmental agency regarding the Product including the US Food and Drug Administration ("FDA"), ASTM, ANSI, ASE, UNDERWRITER'S Laboratory, CPSC, and OSHA.

5.   All documents submitted and received in connection with a 510(k) premarket notification for the Product.

6.   All patents issued for the Product or for any of its components.

7.   True copies of any and all inspection reports, summaries, letters, memos, or other documents that reflect or refer to any inspection or testing of the subject product, its component parts or the incident referenced in the Complaint, prior to or after the incident.

8.   True copies of all invoices, work orders, memos or other documents that reflect any sales, delivery, repair, alteration, maintenance, or renovation of the Product described in the Complaint.

9.   All complaints which have been served upon the defendant in any lawsuit regarding the Gorilla Ladder or regarding injuries alleged to have been caused by any model of Gorilla Ladder.

10.  All complaints or incidents reported to the defendant whether or not they resulted in a lawsuit regarding injuries alleged to have been caused by any TRICAM INDUSTRIES, INC. product.

11.  All documents concerning the sale of the Product (whether the initial sale or otherwise) by the defendant including invoices, work orders, contracts, bills of

13

lading, or similar documents that reflect the sale and/or shipment of the subject Product or its component parts.

12. All documents concerning inspection, repair, or maintenance on the Product by the defendant after the date of initial purchase.

13. All correspondence generated by the defendant or received by the defendant concerning the Product.

14. All written, pictorial, video, CD, or DVD advertising material utilized to advertise, instruct, warn, or promote the Product.

15. All recall notices sent regarding the Product.

16. The defendant's insurance policy (including the declaration page) that was in effect on the date plaintiff was injured.

17. All statements given by any person regarding the injuries to the plaintiff.

18. All photographs, films, slides, videotapes, or audiotapes of the plaintiff.

19. All documents sold with the Product or provided to the purchaser of the Product.

20. All warnings, instructions or other written or pictorial material affixed to the product at the time of sale.

21. All photographs, films, slides, videotapes, DVDs, CDs, or other pictorial depictions of the Product and of its component parts.

22. The original or a legible copy of any and all statements, reports, or memoranda setting forth factual information disclosed in any and all investigations, inspections, tests, or surveys regarding the claims or defenses involved in this action; excepting impression or opinions of counsel.

23. Each and every policy of insurance under which any insurance company or indemnitor may be liable to the party upon whom this demand is served for payment of all or part of the amounts of a judgment or award entered in this matter against that party or against any person for whose acts that party is alleged to be responsible.

24. As to each policy requested in the preceding paragraph, the Declaration Sheet pertaining to this accident or occurrence.

25. Any statements which may have been given to anyone by the party upon whose behalf this demand is served.

26.    All written statements by persons claiming to be eyewitnesses or claiming to have been at or near the scene of the accident or occurrence immediately prior or immediately subsequent thereto or claiming to have knowledge of any fact or matter pertaining to the nature or extent of plaintiffs' damages or losses; including but not limited to all statements given by any party to this action or by any employee.

27.    The original or a legible copy of any written accident report concerning this accident or occurrence signed by or prepared by any party to this action.

28.    All stenographic, video, voice or other recording of statements, or transcripts from persons claiming to be eyewitnesses or claiming to have been at or near the scene of the accident or occurrence immediately prior or immediately subsequent thereto or claiming to have knowledge of any fact or matter pertaining to the nature or extent of plaintiffs' damages or losses or from of any of the parties to this action.

29.    All diagrams, pictures, or sketches of the scene and/or manner in which this accident occurred.

30.    Any and all investigative reports and records from any government agency, Police Department, Fire Department, FDA, OSHA, EPA, or any other governmental agency pertaining to the incident or occurrence in question.

31.    Reports of each and every expert witness who is proposed to testify at trial on behalf of the party upon whom this demand is served.

32.    The complete C.V. of each expert who is proposed to testify at trial on behalf of the party upon whom this demand is served.

33.    True copies of any and all Federal Statutes or Regulations, State Statutes or Regulations, and Municipal Ordinances or Regulations pertaining to the subject Product or its component parts.

34.    Copy of all dealer contracts, agreements, manuals, training documents between TRICAM INDUSTRIES, INC. and HOME DEPOT U.S.A., INC.

## STATEMENT OF DAMAGES

The nature of plaintiffs' damages are unliquidated and difficult to ascertain at this stage of the litigation.  You may accept this initial demand for damages from each defendant as being the limits of the sum of each defendant(s) insurance policies.

## DEMAND FOR COPIES OF ALL SUBPOENAED DOCUMENTS
## (E-DOCUMENTS PREFERRED)

Plaintiff hereby demands that copies of all subpoenaed documents by each defendant be produced to plaintiff without further notification within 10 days of receipt.  The documents may be supplied electronically by sending them to edomingo@gcinjurylaw.com.  This is a continuing demand.

## DEMAND FOR COMPLIANCE WITH RULES 1:5-1(a) AND 4:17-4(c)

**TAKE NOTICE** that the undersigned attorney, counsel for the plaintiff, hereby demands, pursuant to the provisions of Rules 1:5-1(a) and 4:17-4(a), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned, and further

**TAKE NOTICE** that this is a continuing demand.

## NOTICE OF OTHER ACTIONS

Pursuant to the provisions of R. 4:5-1, I hereby certify as follows:

1.      The matter in controversy is neither the subject of any other action pending in any other court nor of a pending arbitration proceeding.

2.      It is not anticipated that the matter in controversy will become the subject of any other action pending in any other court or of a pending arbitration proceeding.

3.      All parties who should have been joined in this action have been so joined.

I hereby certify that the foregoing statements I have made are true.  I am aware that if any of the statements I have made are willfully false, I am subject to punishment.

## DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the Rules Governing the Courts of the State of New Jersey, Erica Domingo, Esquire, is hereby designated as the attorney who will try this case.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that plaintiffs demand a trial by jury as to all issues pursuant to the Rules of this Court.

**GRUNGO COLARULO**
Attorneys for Plaintiffs

ERICA DOMINGO, ESQUIRE

Date: April 14, 2022

# Civil Case Information Statement

## Case Details: CAPE MAY | Civil Part Docket# L-000128-22

**Case Caption:** SERO SAMUEL VS TRICAM INDUSTRIES, INC.

**Case Initiation Date:** 04/14/2022

**Attorney Name:** ERICA DOMINGO

**Firm Name:** GRUNGO COLARULO LLC

**Address:** 1926 GREENTREE RD STE 110

CHERRY HILL NJ 08003

**Phone:** 8565284494

**Name of Party:** PLAINTIFF : Sero, Samuel, J

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Samuel J Sero?** NO

**Are sexual abuse claims alleged by: Barbara Spell?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/14/2022
Dated

/s/ ERICA DOMINGO
Signed

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad St.
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad St.
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson St., P.O Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES

(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Morris County Courthouse
Civil Division
Washington and Court Sts.
P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge St.
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES

(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second St.
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

2